# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| KIMBERLY COLE, ALAN COLE, JAMES MONICA, LINDA BOYD, MICHAEL MCMAHON, RAY SMINKEY, JAMES MEDDERS, JUDY MEDDERS, ROBERT PEPERNO, SARAH PEPERNO, and KELLY MCCOY, on behalf of themselves and all others similarly situated, | Civil Action No.: 13-cv-7871(FLW)(TJB) |
| Plaintiffs, | |
| vs. | |
| NIBCO, Inc., | |
| Defendant. | |

**PLAINTIFFS' RESPONSIVE STATEMENT OF MATERIAL FACTS PURSUANT L. CIV. R. 56.1**

**LITE DEPALMA GREENBERG, LLC**
Bruce D. Greenberg
570 Broad Street, Suite 1201
Newark, NJ 07102
Phone: (973) 623-3000
Email: bgreenberg@litedepalma.com

*Attorneys for Plaintiffs and Interim Co-Lead Counsel*

[*Additional counsel on signature page*]

Pursuant to Local Civil Rule 56.1, Plaintiffs Kimberly and Alan Cole, James Monica, Linda Boyd, Michael McMahon, Ray Sminkey, James and Judy Medders, Robert and Sarah Peperno, and Kelly McCoy (collectively, "Plaintiffs") submit this Statement of Material Facts in response to defendant NIBCO, INC.'s ("NIBCO") Statement of Undisputed Facts in support of its Motion for Partial Summary Judgment.

**NIBCO:**

1. Agree.
2. Agree.
3. Agree.
4. Agree.
5. Agree.
6. Agree.
7. Agree.
8. Agree.
9. Agree.
10. Agree.
11. Agree.

**Plaintiffs Kimberly and Alan Cole:**

12. Agree.

13. Agree.

14. Agree.

15. Agree.

16. Agree.

17. Agree.

18. Agree.

19. Disagree. When Ms. Cole contacted NIBCO after one of the March 2012 leaks, she informed someone named "Jared" at NIBCO of the prior leaks the Coles had experienced. (Ex. 19,[1] Deposition of Kimberly Cole ("K. Cole Dep."), 65:10-25.

20. Agree.

21. Disagree. In addition to the cited damages, the Coles are seeking the cost to repipe their existing plumbing system, at the cost of $600 per fixture. (Ex 14, Expert Report of Ed Slovak, at 2-4); (Ex 19, K. Cole Dep., 142:3-7).

**Plaintiff James Monica**

22. Agree.

23. Agree.

---

[1] All exhibits cited herein refer to the exhibits to the Declaration of Bruce D. Greenberg, submitted in support of Plaintiffs' Brief in Opposition to Defendant NIBCO Inc.'s Motion for Partial Summary Judgment, except for exhibits specifically identified as "NIBCO Ex.," which refer to Defendant's exhibits.

24. Agree.

25. Agree.

26. Agree.

27. Agree.

28. Disagree. In addition, Mr. Roman attended inspections of the plumbing installation, including the final inspection by the town inspector, which the installation passed.  (Ex 20, Deposition of Richard Roman ("Roman Dep."), 30:12-16, 67:7-14).

29. Agree.

30. Agree.

31. Disagree.  The first leak that occurred in Monica's home in November 2012 released water that saturated the walls and ceiling in the basement of his home.  (Ex. 21, Deposition of James Monica ("Monica Dep.") at 40:11-41:3.).

32. Agree.

33. Agree.

34. Agree.

35. Agree.

36. Agree.

37. Agree.

3

38. Disagree. When Monica contacted NIBCO after either the second or third leak, he informed NIBCO of all leaks that had occurred at his house. (Ex. 21, Monica Dep., 53:9-12, 53:21-54:14).

39. Agree.

40. Agree.

41. Agree.

42. Agree.

43. Agree.

44. Agree.

45. Disagree. Mr. Monica testified that if he had been provided a warning by NIBCO he "would have taken some more proactive steps" and "more aggressively tried to get the fittings replaced." (Ex. 21, Monica Dep., 152:9-13).

46. Agree.

47. Agree.

48. Disagree. Mr. Monica testified that he was not certain whether he submitted a claim or claims for reimbursement to his insurance carrier, and that "maybe with one of the -- one of the leaks we did go through with a claim for the insurance." (Ex. 21, Monica Dep., 102:24-103:8).

49. Agree.

## Plaintiff Linda Boyd

50. Agree.

51. Agree.

52. Agree.

53. Agree.

54. Agree.

55. Agree.  (NIBCO Ex. 20 (Boyd Dep.), 25:19-26:5) (testifying that it was Adams Homes, the contractor that built her home, rather than Ms. Boyd who hired the licensed professional contractor to install the plumbing system).

56. Agree.

57. Agree.

58. Agree.

59. Agree.

60. Agree.

61. Agree.

62. Agree.

63. Agree.

64. Agree.

65. Agree.

66. Agree.

5

67. Agree.

68. Agree.

69. Agree.

70. Agree.

71. Agree.

**Plaintiff Michael McMahon**

72. Agree.

73. Agree.

74. Agree.

75. Agree.

76. Agree.

77. Agree.

78. Agree.

79. Agree.

80. Agree.

81. Agree.

82. Agree.

83. Agree.

84. Agree.

85. Disagree. Though Mr. McMahon only called NIBCO after his third leak, he informed a NIBCO representative at that time of the prior leaks he had experienced as well. (Ex. 26, Deposition of Michael McMahon ("McMahon Dep."), 141:15-143:1).

86. Disagree. Plaintiff McMahon sent a sample of his 1006 PEX Tubing to NIBCO for evaluation in connection with PER #2014020706 in February 2014. (Ex. 25, NIBCO-COLE00084747, NIBCO Evaluation Response Letter).

87. Agree.

88. Agree.

89. Disagree. Mr. McMahon testified that NIBCO could have printed the warning directly on the 1006 Tubing itself, or provided a warning to the distributors to whom it sold its products. (Ex. 26, McMahon Dep., 192:23-193:22).

90. Disagree. Mr. McMahon testified that several personal items, including "the family Bible, three generations, that got waterlogged, soaked and ruined, numerous memorabilia, old clothing, things that were in my cardboard boxes that got saturated" were, in fact, damaged, not that they may have been damaged. (*Id.*, 115:9-116:7).

91. Agree.

**Plaintiff Ray Sminkey**

92. Agree.

93. Agree.

94. Agree.

95. Agree.

96. Agree.

97. Agree.

98. Disagree. The first leak caused damage to the carpeting in Plaintiff Sminkey's master bedroom – which he had to pull up, clean, and repair – and destroyed personal items that Plaintiff Sminkey had to throw away. (Ex. 27, Deposition of Ray Sminkey ("Sminkey Dep.") 31:17-19, 32:2-5).

99. Agree.

100. Disagree. Plaintiff Sminkey testified that leaking water in his garage damaged property that he was ultimately forced to throw away, that he was forced to pull up, clean, and repair carpeting in the master bedroom of his home as a result of the leaking water, and that he undertook the labor and bore the cost to repair and replace water-damaged drywall in his home. (Ex. 27, Sminkey Dep., 31:17-19, 32:2-5, 43:22-44:2).

101. Agree.

102. Agree.

8

103. Agree.

104. Agree.

105. Agree.

106. Agree.

107. Agree.

**Plaintiffs James and Judy Medders**

108. Agree.

109. Disagree. Mr. Medders selected ASAP Plumbing because he had a prior relationship with the plumber, Steve Forbus, as well as based on the price. (Ex. 28, Deposition of James Medders ("James Medders Dep."), 9:10-13, 22:3-7).

110. Agree.

111. Agree.

112. Agree.

113. Agree.

114. Agree.

115. Agree.

116. Agree.

117. Agree.

118. Agree.

119. Agree.

120. Agree.

121. Agree.

122. Agree.

123. Agree.

124. Agree.

125. Agree.

126. Disagree. State Farm submitted a failed Fitting from the Medders' home for inspection and examination in April 2015, associated with PER #2015042310. (Ex. 33, NIBCO-COLE 00122415-16, Credit/Check Request).

127. Agree.

128. Agree.

129. Agree.

130. Agree.

131. Agree.

132. Agree.

133. Agree.

134. Agree.

135. Disagree. Mr. Medders testified that he has no knowledge whether or not the 1006 PEX Tubing is defective, and does not know whether the PEX Clamps are defective. (Ex. 28, James Medders Dep., 89:2-12).

136. Agree.

**Robert and Sarah Peperno**

137. Agree.

138. Agree.

139. Agree.

140. Agree.

141. Agree.

142. Agree.

143. Agree.

144. Agree.

145. Agree.

146. Agree.

147. Disagree. Videos produced by the Pepernos show water spraying on their water heater and basement floor and one video shows the basement wall and floor entirely saturated with water, along with numerous personal belongings, including a Christmas tree and dumbbells, saturated on the floor. (Ex. 30, PEPERNO-000007; Ex. 31, PEPERNO-000008).

148. Agree.

149. Agree.

150. Disagree. In addition to the cited damages, the Pepernos are seeking the cost to repipe their existing plumbing system, at the cost of $600 per fixture. (Ex 14, Expert Report of Ed Slovak, at 2-4); (Ex. 29, Deposition of Robert Peperno ("R. Peperno Dep."), 11:23-12:14).

**Plaintiff Kelly McCoy**

151. Agree.

152. Agree.

153. Agree.

154. Agree.

155. Agree.

156. Agree.

157. Disagree. The leaks in Plaintiff McCoy's home resulted in water pooling in his home, damaging the floor joists and soaking his crawlspace twice, also causing mold to grow in his home where the leaks occurred. (Ex. 32, Deposition of Kelly McCoy ("McCoy Dep."), 32:18-33:18; 40:4-14; 43:21-44:3; 48:8-13; 52:24-53:5; 83:11-18).

158. Agree.

159. Agree.

160. Agree.

161. Agree.

162. Agree.

163. Agree.

|  |  |
|---|---|
|  | **LITE DEPALMA GREENBERG, LLC** |
| Dated: July 28, 2017 | */s/ Bruce D. Greenberg* |
|  | Bruce D. Greenberg |
|  | 570 Broad Street, Suite 1201 |
|  | Newark, NJ 07102 |
|  | Phone: (973) 623-3000 |
|  | Email: bgreenberg@litedepalma.com |

**MCCUNEWRIGHT LLP**
Joseph G. Sauder
555 Lancaster Ave.
Berwyn, PA 19312
Email: JGS@mccunewright.com

**CHIMICLES & TIKELLIS, LLP**
Steven A. Schwartz
One Haverford Centre
361 West Lancaster Avenue
Haverford, PA 19041
Phone: (610) 642-8500
Email: SAS@Chimicles.com

*Counsel for Plaintiffs and the Class*