**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| KIMBERLY COLE, ALAN COLE, JAMES MONICA, LINDA BOYD, MICHAEL MCMAHON, RAY SMINKEY, JAMES MEDDERS, JUDY MEDDERS, ROBERT PEPERNO, SARAH PEPERNO, and KELLY MCCOY, on behalf of themselves and all others similarly situated, | : | Civil Action No.: 13-cv-7871(FLW)(TJB) |
| *Plaintiffs*, | : | Motion returnable: August 21, 2017 |
| vs. | : | |
| NIBCO, Inc., | : | |
| *Defendant*. | : | |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO EXCLUDE TESTIMONY OF DR. ERIC R. WEISHAUPT**

**LITE DEPALMA GREENBERG, LLC**
Bruce D. Greenberg
570 Broad Street, Suite 1201
Newark, NJ 07102
Phone: (973) 623-3000
Email: bgreenberg@litedepalma.com

***Attorneys for Plaintiffs and Interim Co-Lead Counsel***

[*Additional counsel on signature page*]

669535.1

## TABLE OF CONTENTS

I. PRELIMINARY STATEMENT ........................................ 1

II. STATEMENT OF FACTS ........................................ 3

A. Dr. Weishaupt's Experience with PEX Plumbing and Plumbing Systems Generally ........................................ 3

III. STANDARD OF REVIEW ........................................ 4

IV. ARGUMENT ........................................ 6

A. The Court Should Preclude Dr. Weishaupt's Testimony Regarding the Propriety of PEX Fitting Installations Because He Lacks the Qualifications to Opine on the Subject ........................................ 6

V. CONCLUSION ........................................ 9

# TABLE OF AUTHORITIES

**Cases**

*Daubert v. Merrell Dow Pharm., Inc.*,
509 U.S. 579 (1993) .......... 4

*Elcock v. Kmart Corp.*,
233 F.3d 734 (3d Cir. 2000) .......... 5

*Higginbotham v. Volkswagenwerk Aktiengesellschaft*,
551 F. Supp. 977 (M.D. Pa. 1982) .......... 7

*Jones v. Synthes USA Sales, LLC*,
2010 WL 3311840 (D.N.J. Aug. 19, 2010) .......... 6

*Massok v. Keller Indus.*,
147 F. App’x 651 (9th Cir. 2005) .......... 7

*Netwig v. Georgia-Pac. Corp.*,
2005 WL 2122316 (D. Kan. July 26, 2005) .......... 7

*Oddi v. Ford Motor Co.*,
234 F.3d 136 (3d Cir. 2000) .......... 5

*Pineda v. Ford Motor Co.*,
520 F.3d 237 (3d Cir. 2008) .......... 4

*Player v. Motiva Enters. LLC*,
No. 02-cv-3216, 2006 U.S. Dist. LEXIS 2288 (D.N.J. Jan. 20, 2006),
aff’d, 240 F. App’x 513 (3d Cir. 2007) .......... 6

*Schneider v. Fried*,
320 F.3d 396 (3d Cir. 2003) .......... 5

*Sloan Valve Co. v. Zurn Indus., Inc.*,
2013 WL 6068790 (N.D. Ill. Nov. 18, 2013) .......... 6

*Sterbenz v. Anderson*,
2012 WL 5387885 (M.D. Fla. Nov. 2, 2012) .......... 8

*Waldorf v. Shuta*,
142 F.3d 601 (3d Cir. 1998).....................................................................5

*Yarchak v. Trek Bicycle Corp.*,
208 F. Supp. 2d 470 (D.N.J. 2002) ............................................................4

**Rules**

F.R.E. 702 ..............................................................................................8

## I. PRELIMINARY STATEMENT

In his expert report, Dr. Eric Weishaupt, Defendant NIBCO, Inc.'s ("NIBCO") metallurgist, opines that a "large majority" of the yellow brass fittings (the "PEX Fittings") in the plumbing systems at the homes of Plaintiffs Kimberly and Alan Cole, James Monica, Linda Boyd, Michael McMahon, Ray Sminkey, James and Judy Medders, Robert and Sarah Peperno and Kelly McCoy (together, "Plaintiffs") were "improperly installed." *See* Investigative Report of Eric R. Weishaupt, May 5, 2017 (attached to accompanying Declaration of Bruce D. Greenberg as **Exhibit 1**). He concludes that "97% of the [ ] fitting assemblies examined, which utilized either a copper crimp ring or stainless steel clamp, exhibited some form of improper connections." Ex. 1 at 22.

Dr. Weishaupt does not have the proper background or experience to provide this opinion. He is not a plumber and has never installed or re-piped a plumbing system. His only basis for concluding that installations were "improper" is the installation guide NIBCO issues for its PEX plumbing systems. However, Dr. Weishaupt's deposition testimony reveals that he cannot point to evidence that *any* of the fitting assemblies at issue in this case failed to comply with the instructions in NIBCO's guide.

As Plaintiffs' expert, Cynthia Smith, has explained, all NIBCO yellow brass fittings (the PEX Fittings at issue here, which are made from brass alloys

containing more than 15% zinc) are inherently susceptible to dezincification corrosion and stress corrosion cracking in potable water due to improper material selection. *See* ECF Doc. 108, Ex. 4 (Smith Report) at 35. Safer alternative designs were available to NIBCO at all relevant times: PEX fittings made from copper alloys containing less than 15% zinc (red brass and bronze alloys) and plastic (which NIBCO has sold since 2006) were regarded as *immune* to both dezincification corrosion and stress corrosion cracking. *Id.*; ECF Doc. 108, Ex. 2 at 69:1-8. NIBCO was well aware of this improper design choice *no later than* October 2007, when its marketing materials recognized that dezincification "occurs in valve components containing more than 15% zinc," and that "[t]he leeching [*sic*] of zinc from the brass alloy creates porous copper which results in the loss of physical strength in the brass alloy material, subjecting valves to potential failures" – exactly what happened here. ECF Doc. 108, Ex. 17.

Nevertheless, Dr. Weishaupt, in an apparent effort to turn the focus away from this ubiquitous problem, manufacture individualized issues on class certification, and pin the blame elsewhere, concludes that NIBCO cannot be at fault because, as he alleges, *every* plumber who installed the PEX Fittings in *every* Plaintiff's home did so improperly in *nearly every* instance, without any appropriate foundation. Dr. Weishaupt's investigation simply does not support this conclusion – he does not, and cannot, point to a single instance where any fitting

assembly did not meet the standard that NIBCO itself set forth in its installation guide.

Dr. Weishaupt's opinions concerning PEX Fitting installations should be excluded because Dr. Weishaupt is not qualified to provide that testimony, and he did not perform an appropriate investigation to support that testimony even if he were. Accordingly, because of its serious potential to mislead the jury regarding the cause of the PEX Fittings failures at issue in this case, and to distract the jury from the real problem – the pervasive design issue that affects every one of these fittings – the Court should exclude Dr. Weishaupt's opinion that any of the Plaintiffs' PEX Fittings were improperly installed.

## II. STATEMENT OF FACTS

### A. Dr. Weishaupt's Experience with PEX Plumbing and Plumbing Systems Generally

Dr. Weishaupt is a metallurgist, not a plumber. He has never installed a plumbing system. *See* Deposition Testimony of Eric R. Weishaupt, May 31, 2017 (attached to the accompanying Declaration of Bruce D. Greenberg as **Exhibit 2**) at 13:8-10. He has never re-piped a plumbing system. *Id.* at 13:23-24. Though he has done some isolated repair work on fixtures at his own home and his parents' home, and conducted failure analyses related to components in other residential applications, he has no other experience installing plumbing components, repairing plumbing components or removing plumbing components from service. *Id.* at

12:24-13:24. Nor did Dr. Weishaupt personally inspect any of the Plaintiffs' plumbing systems in their homes, aside from Mr. Monica's system. *Id.* at 17:14-16.

Dr. Weishaupt is therefore not being offered as an expert in the proper installation practices for PEX plumbing systems. Instead, NIBCO has offered him as an expert in the "mechanical behavior of materials in relation to structure and properties." Ex. 1 at Ex. B (listing "Areas of Specialization" as "Engineering Failure Analysis," "Ferrous-Non-Ferrous Metallurgy," "Fatigue Durability of Structures," "Welded Joint Durability," "Materials Characterization," and "Mechanical Testing").

## III. STANDARD OF REVIEW

The admissibility of expert testimony under Rule 702 is a question of law. *Yarchak v. Trek Bicycle Corp.*, 208 F. Supp. 2d 470, 494 (D.N.J. 2002). It demands a factual determination based on specific criteria of the opinion being offered. *See Pineda v. Ford Motor Co.*, 520 F.3d 237, 245 (3d Cir. 2008). "When faced with a proffer of expert scientific testimony, the trial judge must make a preliminary determination, pursuant to Rule 104(a), whether the expert testimony satisfies the standard of 'evidentiary reliability' established by the rule and will assist the trier of fact to understand or determine a fact in issue." *Id.* (quoting *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 592 (1993)).

"Proper exercise of this 'gatekeeping' role, as it has been further clarified by subsequent decisions of the Third Circuit Court of Appeals, entails the consideration of three basic requirements: (1) qualifications—whether the expert is qualified to speak with authority on a particular subject or issue; (2) reliability—whether the expert's methodology is sound and whether his or her opinion is supported by 'good grounds;' and (3) fit—whether there is a relevant 'connection between the scientific research or test result to be presented and particular disputed factual issues in the case.'" *Id.* (quoting *In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 741-743 (3d Cir. 1994)); *see also Oddi v. Ford Motor Co.*, 234 F.3d 136, 144-46 (3d Cir. 2000).

Plaintiffs' motion concerns the first of these requirements: Dr. Weishaupt's qualifications. "Qualification refers to the requirement that the witness possess specialized expertise." *Schneider v. Fried*, 320 F.3d 396, 405 (3d Cir. 2003). The Third Circuit has a "generally liberal standard" for qualifying experts. *Elcock v. Kmart Corp.*, 233 F.3d 734, 742 (3d Cir. 2000). "However, [it has] also set a floor with respect to an expert witness's qualifications." *Id.*; *see also Waldorf v. Shuta*, 142 F.3d 601, 625 (3d Cir. 1998) ("Even though we apply Rule 702 liberally, we have not pursued a policy of qualifying *any* proffered witness as an expert.") (emphasis in original). "[W]here a proposed expert's area of experience is adjacent to, but not actually encompassing, the subject matter of his testimony, he

may be deemed unqualified." *Player v. Motiva Enters. LLC*, No. 02-cv-3216, 2006 U.S. Dist. LEXIS 2288, at *20 (D.N.J. Jan. 20, 2006), *aff'd*, 240 F. App'x 513 (3d Cir. 2007).

## IV. ARGUMENT:

### A. The Court Should Preclude Dr. Weishaupt's Testimony Regarding the Propriety of PEX Fitting Installations Because He Lacks the Qualifications to Opine on the Subject

Dr. Weishaupt is unqualified to offer opinions concerning proper installation practices for PEX Fittings, or for plumbing systems in general, because his specialization in metallurgy and materials science does not overlap with plumbing installation. *Jones v. Synthes USA Sales, LLC*, 2010 WL 3311840, at *7 (D.N.J. Aug. 19, 2010) (excluding metallurgist's testimony because he had no experience with the design or manufacture of medical devices); *Sloan Valve Co. v. Zurn Indus., Inc.*, 2013 WL 6068790, at *7 (N.D. Ill. Nov. 18, 2013) (striking expert testimony in patent case, noting that "[w]hile Dr. Magee has impressive experience in other areas and extensive credentials in the areas of fire and the disposal of chemical agents, he does not have any of the requisite experience designing, assembling, and/or repairing plumbing systems or devices").

There is nothing in Weishaupt's report indicating that he has any credentials, training or other experience related to the standards and practices applicable to plumbing installations. Nor has he otherwise demonstrated any experience that

would qualify him to opine in this area. He has no training in installing, repairing, or re-piping plumbing systems, and he has never personally installed or re-piped a plumbing system. His opinions concerning improper installation must be excluded on this basis. *See Higginbotham v. Volkswagenwerk Aktiengesellschaft*, 551 F. Supp. 977, 982-83 (M.D. Pa. 1982) (holding that an investigating officer was not qualified to offer an expert opinion regarding the movement of a person inside a vehicle during an accident because the officer only had minimal training in accident reconstruction, physics, and the movement of bodies); *Massok v. Keller Indus.*, 147 F. App'x 651, 655-56 (9th Cir. 2005) (affirming exclusion of forensics expert opinion concerning ladder design despite his degree in mechanical engineering and experience analyzing ladder slip-out cases where he "had never designed ladders, had never written or lectured on the subject and had produced no peer-reviewed work or independent confirmation of his qualifications").

Conversely, where experts have been qualified to testify regarding plumbing systems, they have had many years of plumbing experience, including as Master Plumbers. *See, e.g., Netwig v. Georgia-Pac. Corp.*,, 2005 WL 2122316, at *2 (D. Kan. July 26, 2005) ("In this case, Mr. Peugeot has 52 years of plumbing experience, is licensed as a Master Plumber, is active in the National Association of Plumbing, Heating, and Cooling Contractors, and has published a book and articles in a trade publication. Based on plaintiff's expert disclosure and the issues

on which plaintiff has proffered Mr. Peugeot's testimony, the court finds that Mr. Peugeot's testimony is limited to practices of which he has personal knowledge. He has been trained to brace pipe in the manner the plaintiff used and is also familiar with the type of I-joist plaintiff was using when he was injured. Based on Mr. Peugeot's level of knowledge and experience in the plumbing industry and the nature of his testimony, the court finds Mr. Peugeot's testimony to be reliable under Rule 702"); *Sterbenz v. Anderson*, 2012 WL 5387885, at *5 (M.D. Fla. Nov. 2, 2012) ("the Court finds that Mr. Mason's 10 years of experience in the plumbing profession are sufficient to qualify him as an expert in the plumbing field and that his testimony, as the person who retrieved the garment from the blocked sewer line, will aid the jury in determining relevant facts in this case").

Dr. Weishaupt simply cannot "assist the trier of fact to understand the evidence" concerning the installation of the PEX Fittings because he does not possess any "scientific, technical or other specialized" knowledge regarding PEX fitting installations. F.R.E. 702.

## V. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court enter an order precluding Defendant NIBCO, Inc. from relying on any opinion proffered by Dr. Eric R. Weishaupt that the NIBCO PEX Fittings at issue in the Plaintiffs' homes were improperly installed.

Dated: July 28, 2017

**LITE DEPALMA GREENBERG, LLC**

*<u>/s/ Bruce D. Greenberg</u>*

Bruce D. Greenberg
570 Broad Street, Suite 1201
Newark, NJ 07102
Phone: (973) 623-3000
Email: bgreenberg@litedepalma.com

**MCCUNEWRIGHT LLP**
Joseph G. Sauder
1055 Westlakes Drive, Suite 300
Berwyn, PA 19312
Email: JGS@mccunewright.com

**CHIMICLES & TIKELLIS, LLP**
Steven A. Schwartz
One Haverford Centre
361 West Lancaster Avenue
Haverford, PA 19041
Phone: (610) 642-8500
Email: SAS@Chimicles.com

***Counsel for Plaintiffs and the Class***