UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| KIMBERLY COLE, ALAN COLE, JAMES MONICA, LINDA BOYD, MICHAEL MCMAHON, RAY SMINKEY, JAMES MEDDERS, JUDY MEDDERS, ROBERT PEPERNO, SARAH PEPERNO, KELLY MCCOY, LESA WATTS, CHAD MEADOW, JOHN PLISKO, SUSAN PLISKO, KENNETH McLAUGHLIN, RYAN KENNY, ALEXANDER DAVIS, and ANDREA DAVIS, on behalf of themselves and all others similarly situated, | Civil Action No. 13-7871-FLW-TJB |
| Plaintiffs, vs. | **Motion Day Set for April 1, 2019** |
| NIBCO, Inc., | |
| Defendant. | |

**REPLY IN SUPPORT OF MOTIONS FOR *PRO HAC VICE* ADMISSION OF ROBERT CLORE AND CHRISTOPHER BANDAS**

## TABLE OF CONTENTS

INTRODUCTION ............................................................................................................. 1

I.    There is No Legitimate Basis for Denying Mr. Clore's *Pro Hac Vice* Admission. ................................................................................................................ 2

II.   Mr. Bandas's *Pro Hac Vice Admission* is a Good-Faith Effort to Respond to Criticism of Non-Appearances, and Follows, Discloses, and Attaches Judge Pallmeyer's Order Concerning the Same. ................................. 4

III.  Denying *Pro Hac Vice* Admission Will Cause the Client Prejudice. ..................... 11

CONCLUSION ................................................................................................................. 12

## TABLE OF AUTHORITIES

### Cases

*Angela Sanchez-Knutson v. Ford Motor Company*, 14-cv-61344, ECF Doc. 462 (S.D. Fla. June 7, 2017) ...................................................................9

*Aranda v. Caribbean Cruise Line, Inc.*, No. 12 C 4069, 2017 WL 1369741 (N.D. Ill. Apr. 10, 2017), *aff'd sub nom.; Birchmeier v. Caribbean Cruise Line, Inc.*, 896 F.3d 792 (7th Cir. 2018) ................................2

*Chambers v. Whirlpool Corp., et al.*, 16-56666, Dkt. 58 (9th Cir.) ..........................6

*Dennis v. Kellogg Co.*, 697 F.3d 858 (9th Cir. 2012) ..................................................8

*Edwards v. National Milk Prod. Fed.*, 11-04766, Dkt. 485 (N.D. Cal. June 26, 2017); .................................................................................................9

*Eubank v. Pella Corp.*, 753 F.3d 718 (7th Cir. 2014) ..................................................8

*In re Baby Products Antitrust Litig.*, 708 F.3d 163 (3d Cir. 2013) ..........................6

*In re Cendant Corp. PRIDES Litig.*, 243 F.3d 722 (3d Cir. 2001) ..........................10

*In re Lithium Ion Batteries Antitrust Litig.*, 4:13-md-02420-YGR, Dkt. 2005 (Oct. 27, 2017) .......................................................................................8

*In re Lumber Liquidators Chinese-Manufactured Flooring Durability Marketing and Sales Practice Litig.*, MDL No. 1:16MD2743, Dkt. 167 (E.D. Va. Nov. 15, 2018) ..............................................................................2

*In re Optical Disk Drive Prods.*, 10-2143, Dkt. 2889 (N.D. Cal. Feb. 21, 2019) .................................................................................................................1

*In re Payment Card Interchange Fee and Merchant Discount Antitrust Litig.*, 12-4671-CV, 2016 WL 3563719 (2d Cir. June 30, 2016) .......................................................................................................................8

*Kohlmayer v. Nat'l R.R. Passenger Corp.,* 124 F. Supp. 2d 877 (D.N.J. 2000) .................................................................................................10

*McDonuough, et al. v. Toys "R" Us, Inc.*, No. 2:06-cv-002242, Dkt. 869-1 (Bandas Declaration filed in the E.D. Pa. Aug. 21, 2014) .......................7

*Perkins v. Linked Corp.*, 16-15430 (9th Cir.) ............................................................. 4

*Thoma v. A.H. Robins Co.*, 100 F.R.D. 344 (D.N.J. 1983) ......................................... 3

*White v. Auerbach*, 500 F.2d 822 (2d Cir. 1974) .............................................................. 10

**Rules**

Fed. R. Civ. P. 23 ................................................................................................... 1, 5, 11

## INTRODUCTION

The opposition to Mr. Palmer's counsels' *pro hac vice* motions is an attempt to distract from significant defects in this reversionary claims-made settlement likely to reward class counsel more than the class. Christopher Bandas' certification disclosed judicial criticism of him and attached a recent order from Judge Pallmeyer of the Northern District of Illinois addressing his failure to request *pro hac vice* admission. Dkt. 182-2, 182-3. Consistent with that order, Mr. Bandas is attempting to put himself before the Court in his representation of this objecting class member.

The other criticism of Mr. Bandas—that he seeks financial gain without benefit to the class—is addressed by Judge Pallmeyer's order and the amendments to Rule 23, which specifically require district court approval of any settlement of an objection, whether in the trial court or on appeal. See Dkt. 182-3 (attaching Judge Pallmeyer's order to Mr. Bandas's *pro hac vice* motion); FED. R. CIV. P. 23(e)(5)(B)(ii) & cmts. (requiring district court approval of settlements for compensation of objector appeals); *In re Optical Disk Drive Prods*., 10-2143, Dkt. 2889 (N.D. Cal. Feb. 21, 2019) ("Rule 23 now requires court approval of any payment or consideration provided to an objector in exchange for forgoing or withdrawing an objection to a proposed settlement, or for forgoing, dismissing, or

abandoning an appeal from a judgment approving the settlement, thereby ameliorating at least some of the concern that objectors may act from questionable motives").

What class counsel cannot and do not assert in opposing *pro hac vice* admission is misconduct in *this case*, or lack of merit to *this objection*. That's because the thirty-page objection is on point in identifying the troubling details of this attorney-first arrangement, and is supported by considerable authority from this District and Circuit.

## I. There is No Legitimate Basis for Denying Mr. Clore's *Pro Hac Vice* Admission.

Before addressing the complaints against Mr. Bandas, there is no colorable argument that Mr. Clore shouldn't be granted *pro hac vice* admission. As Mr. Clore's certification notes, he has never been suspended, disbarred, disciplined, or admonished by any court. Dkt. 183-2. He is in good standing with all courts to which he is admitted to practice. No court has *ever* suggested he has filed a frivolous objection. Meanwhile, several courts have reduced excessive fee awards consistent with arguments he asserted on behalf of class members. *See e.g., In re: Lumber Liquidators Chinese-Manufactured Flooring Durability Marketing and Sales Practice Litigation*, MDL No. 1:16MD2743, Dkt. 167 (E.D. Va. Nov. 15, 2018) (class counsels' fees reduced by around $1 million for the benefit of the class); *Aranda v. Caribbean Cruise Line, Inc.*, No. 12 C 4069, 2017 WL 1369741,

2

at *9 (N.D. Ill. Apr. 10, 2017) (fee reduced between $3-$6 million, depending on the results of the claims process, for the benefit of the class), *aff'd sub nom.; Birchmeier v. Caribbean Cruise Line, Inc.*, 896 F.3d 792 (7th Cir. 2018).

Mr. Clore is an experienced AV-rated appellate attorney. His competency and integrity in the legal profession have never been called into question by any judicial body. Mr. Clore graduated *magna cum laude* from St. Mary's University School of Law, served as Articles for the St. Mary's Law Journal, clerked for Justice Nelda V. Rodriguez of the Thirteenth Court of Appeals for the State of Texas, and worked as appellate counsel for several highly respected civil defense firms in Texas before joining the Bandas Law Firm around three years ago. Since then, Mr. Clore has authored numerous appellate briefs, analyzed a multitude of class-action settlements, and appeared on behalf of Bandas Law Firm in courts around the nation to fight unfair class action settlements and excessive fee requests.

Considering Mr. Clore's qualification and experience, the best class counsel can do is point to Mr. Bandas. That is not a legitimate reason for denying Mr. Clore's motion. The one opinion cited by class counsel for that proposition, *Thoma v. A.H. Robins Co.*, 100 F.R.D. 344 (D.N.J. 1983), doesn't come close to justifying it. In *Thoma*, several out-of-state counsel prepared numerous pleadings for filing that were not suitable to the case, that "continually thwarted the progress of the

3

litigation[,]" and which violated local rules *Id*. at 349. On this basis, the district court denied *pro hac vice* admission as to all out-of-state counsel. *Id*. There has been no similar allegation of impropriety as it pertains to filings in *this* case, nor any in other cases as it relates to Mr. Clore. The objection and supporting documents here are fact-specific and rely on relevant authority from this District and Circuit. In fact, the objection cites more opinions from within the Third Circuit (twenty-four) than does class counsels' own fee motion (nineteen). *Compare* Dkt. 184 *with* Dkt. 179-1.

Class counsel also rely on false innuendo in opposing Mr. Clore's admission by claiming that Mr. Palmer's brother "has jointly filed many objections with Mr. Bandas (and his recently-hired associate Robert Clore)." Dkt. 197 at 5-6. That is false. Mr. Clore has never filed an objection with Mr. Palmer's brother. In the one case cited by class counsel, Mr. Clore and the Bandas Law Firm only represented the client on appeal, and had no involvement whatsoever in filing the objection. *Perkins v. Linked Corp.*, 16-15430 (9th Cir.); 13-04303 (N.D. Cal.). There is no basis for denying Mr. Clore's *pro hac vice* admission, and the guilt-by-association rhetoric should not be indulged.

II. **Mr. Bandas's *Pro Hac Vice Admission* is a Good-Faith Effort to Respond to Criticism of Non-Appearances, and Follows, Discloses, and Attaches Judge Pallmeyer's Order Concerning the Same.**

Mr. Bandas is also in good standing in the courts to which he is admitted and

4

has also never been suspended or disbarred by any court, Dkt. 182-2 at 2, 5, although as he disclosed in his certification, his *pro hac vice* admission in the Western District of Washington was rescinded after he paid an appeal bond beyond the deadline. *Id*. at 5. Mr. Bandas disclosed the Illinois ARDC investigation in connection with an allegation of unauthorized practice of law in Illinois based on representation of a class member without moving for *pro hac vice* admission. *Id.* at 5-6. He also disclosed Judge Pallmeyer's recent injunctive order setting forth a blueprint for Mr. Bandas to follow in his representation of objecting class members, including moving for *pro hac vice* admission. Dkt. 182-3.

Not only does Judge Pallmeyer's order establish an acceptable framework for Mr. Bandas to proceed with filing good-faith objections, such as the one filed here, but the changes to Rule 23 make certain that the withdrawal of any objection, whether in the trial court or on appeal, must be approved by this Court. The suggestion that Mr. Bandas intends to "hold the case up" for a "secret settlement" is unfounded and literally impossible with the changes to Rule 23 and Judge Pallmeyer's Order.

Mr. Bandas has done exactly what he agreed to do and what Judge Pallmeyer ordered, who was mindful of the exact criticisms and concerns that class counsel rehash here. What class counsel really seek to accomplish is to thwart a meritorious objection so they can have free sailing on their claims-made,

5

reversionary settlement, not to mention $13 million in fees.

Attorney Steven Schwartz of Chimicles & Tikellis, LLP, is also likely motivated by a desire for retribution. Mr. Bandas currently represents an objector to a settlement involving Mr. Schwartz before the Ninth Circuit where, as here, he put his personal payday ahead of the interests of his clients. *See Chambers v. Whirlpool Corp.*, *et al.*, 16-56666 (9th Cir.). Indeed, the fee award in Whirlpool, many times the actual value of the settlement, was so egregious that Attorney Generals from nine states filed an amicus brief arguing that "outsized fee awards, like the one here, improperly divert money into the hands of class counsel that could and should be going to class members." *Id.* at Dkt. 58 at 10. Although the appeal is currently stayed by bankruptcy (Dkt. 121), Mr. Bandas fully expects that Mr. Schwartz's settlement and egregiously excessive fee to be undone by the Ninth Circuit.[1]

Class counsel themselves mislead the Court in claiming Mr. Bandas implied he alone deserved credit for the Seventh Circuit's reversal of an unfair settlement in *Baby Products*. Dkt. 197 at 4 n.3. The objection specifically observed that "Mr.

---

[1] Mr. Schwartz has also threatened to seek a pointless and harassing deposition of Mr. Bandas to further distract from the merits of this objection. Mr. Schwartz has brandished his claimed "victory" in taking a deposition of local counsel in the *Whirlpool* case in support of a motion for sanctions that the district court ultimately denied. *Chambers v. Whirlpool*, 8-11-cv-01733 (C.D. Cal. Sept. 30, 2017). There is no conceivable argument in favor of this kind of discovery here except to harass and increase the transactional costs of objecting to this attorney-first settlement.

6

Bandas was *part of a group of attorneys* representing objectors in the *Baby Products* class action settlement that resulted in reversal of a settlement that threatened, as here, to result in a disproportionate allocation of fees to class counsel relative to class recovery." Dkt. 184 at 9 (emphasis added) (citing 708 F.3d 163, 175 (3d Cir. 2013)). In fact, Mr. Bandas worked and communicated extensively with other appellate counsel in that case, including the lead attorney on appeal, Theodore Frank, and believed his client "would be served by cooperating the primary appeal prosecuted by attorney Ted Frank, including but not limited to the review and preparation of pleadings and motions, legal research, and several telephone calls with Mr. Frank." *McDonuough, et al. v. Toys "R" Us, Inc.*, No. 2:06-cv-002242, Dkt. 869-1 at 2 (Bandas Declaration filed in the E.D. Pa. Aug. 21, 2014).[2] While Mr. Bandas did not take the lead on the appeal, that does not make his statement that he was part of a group of attorneys who successfully represented objector appellants in reversal of an unfair settlement any less true.

The objection also disclosed the fact that Mr. Palmer, a contractor who sustained a Qualifying Leak, has a brother who is an attorney. Dkt. 184 at 9 n.6. Mr. Palmer's declaration clarifies, "[h]e does not represent me, and I did not have any involvement with him in the case other than his suggestion that I call the

---

[2] In addition to coordinating with Mr. Frank, Mr. Bandas filed with the Third Circuit a Concise Statement of the Issues, Civil Information Statement, and a Rule 28(i) letter joining in Mr. Frank's brief. *Baby Prods.*, No. 12-1166 (3d Cir.).

Bandas Law Firm." Dkt. 184-1. Class counsels' attempt to disparage Mr. Bandas through the client's brother, and then another attorney sued by his brother, is a reach. Dkt. 197 at 5. Mr. Bandas represents this client, not the brother of his client who has no involvement in the client's representation in any way.

Class counsel have obviously focused on the bad outcomes, but in addition to *Baby Products*, clients of Mr. Bandas have succeeded in fighting unfair settlements and excessive fees in other cases. *See e.g. In re Payment Card Interchange Fee and Merchant Discount Antitrust Litig.*, 12-4671-CV, 2016 WL 3563719, at *12 (2d Cir. June 30, 2016) (Mr. Bandas' client was part of an effort in which the court "vacate[d] the district court's certification of the class, reverse[d] approval of the settlement, and remand[ed] for further proceedings not inconsistent with this opinion"); *Eubank v. Pella Corp.*, 753 F.3d 718 (7th Cir. 2014) (Mr. Bandas worked in conjunction with other appellate counsel in securing reversal of an unfair settlement and fee award); *Dennis v. Kellogg Co.*, 697 F.3d 858, 868 (9th Cir. 2012) (Mr. Bandas successfully advocated for the reversal of an unfair settlement and fee). At the district court level, one of Mr. Bandas's clients succeeded in reducing excessive fees by $6.7 million. *In re Lithium Ion Batteries Antitrust Litig.*, 4:13-md-02420-YGR, Dkt. 2005 (Oct. 27, 2017) (reducing fees), Doc. 1906 (objection of Mr. Bandas' client setting forth a thorough legal analysis advocating for a reduction of fees). The court cut fees based on the mega-fund

argument advanced by Mr. Bandas's client, awarding 10% fees rather than 25% where the settlement "approach[ed] the characteristics of a so-called 'megafund' case[.]" Dkt. 2005, at 2. Another one of Mr. Bandas' clients assisted in returning $4.3 million in excessive fees to the class members. *See Edwards v. National Milk Prod. Fed.*, 11-04766, Dkt. 485 at 12, 19 (N.D. Cal. June 26, 2017); Dkt. 441 (objection of Ira Conner Erwin). The court in *Edwards* steered away from an overemphasis on labelling the litigants as "professional objectors[,]" and instead reminded the parties to keep their focus on the substance of the objections. *Id.* at Dkt. 485 at 2.

In *Angela Sanchez-Knutson v. Ford Motor Company*, 14-cv-61344, ECF Doc. 462, at 12 (S.D. Fla. June 7, 2017), though the court did not sustain the client's objection, it acknowledged the client's right to seek counsel experienced in advocating against unfair class action settlements:

> **THE COURT:** But doesn't he say that sometimes his objections work, sometimes they're sustained, sometimes he gets relief for his objectors? So, it's not a situation where every time he comes in, he's obstructing the settlement on cases. Sometimes judges agree with him.
>
> **[Class Counsel]:** That's true, your Honor.
>
> * * *
>
> **THE COURT:** I mean, to me, if a member of a class gets a notice in the mail, and they look it over, and they say, Gee, this doesn't seem right, I don't know that I want to go along with this, and they've got a family lawyer,

9

> they call up the family lawyer and say, You know, I've got this class action notice, and it doesn't seem right to me, it says I can file an objection, I don't know how to file an objection, can you do it for me? And the lawyer says, I don't do any of that kind of work, but let me ask around and see who does, and they come up with this lawyer's name. Maybe that's what happened. And if that happened, I don't know that that would be a reason to disqualify Ms. Canales' objection. But go ahead with your response.

*Angela Sanchez-Knutson v. Ford Motor Company*, 14-cv-61344, Dkt. 479 at 5-6 (S.D. Fla. June 14, 2017).

And of course the Third Circuit recognizes "that objectors have a valuable and important role to perform in preventing collusive or otherwise unfavorable settlements[.]" *In re Cendant Corp. PRIDES Litig.*, 243 F.3d 722, 743 (3d Cir. 2001) (reversing denial of attorneys' fees for an objector who brought attention to an excessive fee request by class counsel) (quoting *White v. Auerbach*, 500 F.2d 822, 828 (2d Cir. 1974)). This is not a case where Mr. Bandas has engaged in some kind of uncivil or unprofessional conduct before this Court. *See Kohlmayer v. Nat'l R.R. Passenger Corp.,* 124 F. Supp. 2d 877, 878 (D.N.J. 2000) (denying admission *pro hac vice* where attorney's "conduct in the past few years, while practicing in this Court and in courts of other jurisdictions, has often been uncivilized, and at times unprofessional"). The objection filed on behalf of Mr. Bandas' client seeks to benefit Mr. Palmer and the rest of the class by identifying specific defects in the reversionary claims-made settlement with no floor, calling for much greater detail

10

in lodestar, and advocating in favor of a fee recovery premised on actual, not fantasy, class recovery.

Further, the concerns of profiteering objectors are mitigated by the amendments to Rule 23, and specifically by Judge Pallmeyer's order as it pertains to Mr. Bandas. Plus, Mr. Bandas is responding to the criticism of his non-appearances by attempting to put himself before this Court. Having made full disclosure to this Court and understanding that it is a matter fully within the Court's discretion, Mr. Bandas respectfully requests that he be granted admission *pro hac vice* to practice before the Court.

### III. Denying *Pro Hac Vice* Admission Will Cause the Client Prejudice.

Objector is unaware of any New Jersey firm with experience in representing class members in challenging unfair class action settlements and excessive fee awards. Though local counsel Janet Gold is a highly skilled attorney, as noted in the objection, she has assisted only one class member in objecting to a class action settlement. Dkt. 184 at 9. In that respect, Mr. Palmer's right to choice of counsel will be severely prejudiced if his attorneys with background and experience in the relevant area of law are denied admission.

## Conclusion

Recognizing this Court's discretion in deciding which attorneys to allow to practice before it, Objector respectfully requests that the Court grant Mr. Clore and Mr. Bandas *pro hac vice* admission.

DATED:  March 23, 2019                    Respectfully submitted,

 

/s/ *Janet L. Gold, Esquire*
Janet L. Gold, Esquire
Eisenberg, Gold & Agrawal, P.C.
1040 North Kings Highway, Suite 200
Cherry Hill, New Jersey 08034
Tel: (856) 330-6200
Fax: (856) 330-6207
jgold @egclawfirm.com

Robert W. Clore
*Pro Hac Vice* Admission Pending
Christopher A. Bandas
*Pro Hac Vice* Admission Pending
Bandas Law Firm, P.C.
500 North Shoreline, Suite 1020
Corpus Christi, TX 78401
Tel: (361) 698–5200
Fax: (361) 698-5200
rclore@bandaslawfirm.com
cbandas@bandaslawfirm.com

*Counsel for Objecting Class Member Jeffrey Palmer*

## Certificate of Service

The undersigned certifies that today she filed the foregoing reply on ECF which will send electronic notification to all attorneys registered for ECF-filing.

DATED: March 23, 2019

/s/ *Janet L. Gold, Esquire*
Janet L. Gold, Esquire
Eisenberg, Gold & Agrawal, P.C.
1040 North Kings Highway, Suite 200
Cherry Hill, New Jersey 08034
Tel: (856) 330-6200
Fax: (856) 330-6207
jgold @egclawfirm.com
*Counsel for Objector/Class Member*